## LANGFORD v. UNITED STATES.

(Circuit Court, D. Oregon. July 28, 1899.)

DAMAGES—BREACH OF CONTRACT.

A contract for building a lighthouse, by which the United States agrees to furnish the necessary metal work, in the absence of any specified time binds it to supply such material within a reasonable time, and, if it fails to do so, by reason of which the contractor is compelled to suspend work, and discharge his men, he is entitled to recover as damages the increased cost of necessary labor by reason of a rise in wages, necessary expenses, and loss of materials resulting from stopping the work, and interest on the deferred payments under the contract, but not, where he subsequently completes the contract, for the value of his time during the delay, and during which time he performed no services.

This was an action against the United States to recover damages occasioned plaintiff, as a contractor for the building of a lighthouse, by reason of delay in furnishing certain materials required by the contract.

O. F. Paxton, for plaintiff.
John H. Hall, for the United States.

BELLINGER, District Judge. The plaintiff had a contract with the United States for the construction of a lighthouse at the mouth of the Columbia river, the latter to supply the metal work used in the building. Plaintiff moved his plant to the site of the lighthouse, and began work under his contract. There was delay on the part of the government in furnishing the metal work, and as a result the plaintiff was compelled to discharge his laborers, and wait several months before the metal work was supplied, so as to enable him to resume work. In the meantime there was an advance in the wages of laborers, and there was a further damage to the plaintiff caused by the loss of mortar mixed for use, and of lime, cement, and sand. For these losses the plaintiff claims damages, and he also claims damages on account of money necessarily spent in painting and protecting his plant during the delay, for traveling expenses for himself, and for interest on payments due under his contract. There is a further claim for the time of plaintiff and for the use of his plant, amounting to $2,500. In the contract no time was specified within which the metal work agreed to be furnished by the government was to be furnished. I am of the opinion, however, that it was its duty to furnish this metal work within a reasonable time, and that the government

is responsible to the plaintiff for all damages resulting from the delay to furnish this metal work within such time.

As to the quantum of damages, I am of the opinion that the plaintiff is entitled to recover on account of the increased price paid laborers, bricklayers, and carpenters, and of the expenses of such laborers in travel, the sum of $184.54; for cement, mortar, lime, and sand lost by the delay, $374; for extra traveling expenses of the plaintiff, $100; for money spent in painting and protecting plant from action of elements during delay, $100; for interest on delayed payments, $383.50. The claim for $2,500 as the value of plaintiff's services and the value of the use of his plant during the delay is supported by the case of Kelly v. U. S., 31 Ct. Cl. 361. In this case it is held that where contractors lost their own time in waiting for the defendant to procure and prepare a site for a building, contrary to the intent of the contract, they may recover the reasonable value of their services. This case is upon the authority of U. S. v. Behan, 110 U. S. 338, 4 Sup. Ct. 81. In that case compensation is allowed, not for lost time, but for services which were in fact performed. The defendant having voluntarily and wrongfully put an end to the contract, it was held that the plaintiff might, at his election, recover for the loss of anticipated profits, or rescind the contract, and recover for his outlay, and for the value of services actually performed. The case of Kelly v. U. S. was one upon its facts much like the case on trial, where the United States had failed to procure and prepare a building site, whereby the contractor was delayed, with the result that he had to purchase his material in the market at an enhanced market price, and where there was loss of his own time in waiting for the defendant to procure and prepare the site. The court held that the plaintiff was entitled to recover, in addition to the other items of damages, for the loss of his own time and services. I am unable to agree in this view of the law. There can be no recovery for time or for services except in cases where services are performed. In this case there was testimony tending to show that the value of the plaintiff's services as a superintendent in the construction of buildings and in the carrying on of other work was of the value of $20 per day, but the testimony does not show that this was the plaintiff's business. The plaintiff's business is that of a contractor, and he testified that by the delay in question he was prevented from bidding upon and obtaining other contracts, whereby he might have made large profits. Now, it is obvious that the loss of such profits is too remote and uncertain to be made the basis for recovery. It cannot be known that the plaintiff would have secured other contracts, nor that he would have made a profit on such contracts had he secured them. This claim is contingent, and highly speculative, and is not susceptible of proof. It is a mere guess that the plaintiff might have secured other contracts, and made a profit upon them, if he had not been subjected to the delay complained of. The rule is well settled that where the contract is rendered impossible of performance by the other party, or there is such failure as warrants the party complaining in rescinding the contract, he has his election either to sue for the profits which he might have made, or to recover for the value of the services actually performed as upon a

quantum meruit, and for any expenditures made by him on the faith of the contract. The various items of damages which the plaintiff is entitled to recover aggregate the sum of $1,142.04, and for this amount he is entitled to judgment.